# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Filed: August 10, 2026

| | |
|---|---|
| MERCEDES KOTALIK and ANDREW BRABEC, on behalf of Z.B., a minor child, | UNPUBLISHED |
| Petitioners, | No. 22-507V |
| v. | Special Master Dorsey |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Decision Based on Stipulation; Varicella Vaccine; Henoch-Schonlein Purpura ("HSP"). |
| Respondent. | |

Julia McInerny, mctlaw, Washington, DC for Petitioners.
Tyler King, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION BASED ON STIPULATION**[1]

On May 6, 2022, Mercedes Kotalik and Andrew Brabec ("Petitioners"), on behalf of Z.B., a minor child, filed a petition in the National Vaccine Injury Program[2] alleging a varicella vaccination administered to Z.B. on November 20, 2020 caused Z.B. to develop Henoch-Schoenlein purpura ("HSP"). Petition at 1, 4-5 (ECF No. 1).

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On August 10, 2026, the parties filed a stipulation recommending an award of compensation to Petitioners. Stipulation (ECF No. 91). Respondent denies that the varicella vaccine caused Z.B.'s HSP or any other injury or Z.B.'s current condition. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A.[3] The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that Petitioners shall receive the following compensation:

**(1) A lump sum of $3,511.99, which amount represents compensation for past unreimbursable expenses, to be paid through an ACH deposit to Petitioners' counsel's IOLTA account for prompt disbursement to Petitioners.**

**(2) An amount of $35,000.00 to purchase the annuity contract described in paragraph 10 of the Stipulation, paid to the life insurance company from which the annuity will be purchases ("the Life Insurance Company").**

This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a). Stipulation at ¶ 8.

The undersigned approves the requested amount for Petitioners' compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[4]

**IT IS SO ORDERED.**

**s/Nora B. Dorsey**
Nora B. Dorsey
Special Master

---

[3] The Nintex forms have been omitted.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| MERCEDES KOTALIK and ANDREW BRABEC, on behalf of Z.B., a minor child, | ) | |
| Petitioners, | ) | No. 22-507V |
| | ) | Special Master Dorsey |
| v. | ) | ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) | |
| Respondent. | ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Mercedes Kotalik and Andrew Brabec ("petitioners"), on behalf of Z.B., a minor child, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to Z.B.'s receipt of the varicella vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Z.B. received her varicella vaccination on or about November 20, 2020.

3. The vaccination was administered within the United States.

4. Petitioners allege that Z.B. suffered from Henoch-Schonlein purpura ("HSP") that was caused by the varicella vaccine. Petitioners further allege that Z.B. experienced the residual effects of this condition for more than six months.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on Z.B.'s behalf as a result of Z.B.'s condition.

6. Respondent denies that the varicella vaccine caused Z.B.'s HSP or any other injury or Z.B.'s current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

a. A lump sum of $3,511.99, which amount represents compensation for past unreimbursable expenses, to be paid through an ACH deposit to petitioners' counsel's IOLTA account for prompt disbursement to petitioners;

b. An amount of $35,000.00 to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of Z.B., pursuant to which the Life Insurance Company will agree to make certain payments to Z.B. as compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a), as follows:

a. A certain lump sum payment of $20,868.12 to be paid on October 12, 2038;

b. A certain lump sum payment of $24,381.96 to be paid on October 12, 2041;

c. A certain lump sum payment of $28,411.85 to be paid on October 12, 2044.

The purchase price of the annuity described in this paragraph shall neither be greater than nor less than $35,000.00. In the event that the cost of the annuity set forth above varies from $35,000.00, the certain lump sum payment made on October 12, 2044, shall be adjusted to ensure that the total cost of the annuity is neither less nor greater than $35,000.00. Should Z.B. predecease any of the lump sum payments set forth above, said payment shall be made to her estate. However, written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Z.B.'s death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amount set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 13 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. The parties stipulate and agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner. Petitioners, as legal representatives of Z.B., and on behalf of Z.B. and Z.B.'s heirs, executors, administrators, successors, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and further agree that they will not sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

13. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

14. Petitioners and petitioners' attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

15. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 13 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

16. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for Z.B.'s benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

17. Petitioners represent that petitioners presently are, or if necessary will become, authorized to serve as guardian(s)/conservator(s) of Z.B.'s estate as may be required under the laws of the State of Nebraska.

18. In return for the payments described in paragraphs 8 and 13, petitioners, in petitioners' individual capacities, and as legal representatives of Z.B., on behalf of petitioners, Z.B., and Z.B.'s heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Z.B. resulting from, or alleged to have resulted from, the vaccinations administered on or about November 20, 2020, as alleged by petitioners in a petition for vaccine compensation filed on or about May 6, 2022, in the United States Court of Federal Claims as petition No. 22-507V.

19. If Z.B. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

20. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

21. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 13 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

22. Petitioners hereby authorize respondent to disclose documents filed by petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

23. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the varicella vaccine caused Z.B.'s alleged injury, or any other injury or Z.B.'s current condition, or that Z.B. suffered an injury contained in the Vaccine Injury Table.

24. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of Z.B.

**END OF STIPULATION**

PETITIONER:

Electronically Signed 2026-07-28 14:23:30 UTC - 206.209.15.110

Mercedes Kotalik

Nintex AssureSign® ea7d9f6c-89da-4aa4-97da-b48f00e41b03

MERCEDES KOTALIK

PETITIONER:

Electronically Signed 2026-07-28 20:21:51 UTC - 174.234.167.34

Nintex AssureSign® 0490bb1e-0ca5-4f79-9887-b48f00e41b03

ANDREW BRABEC

ATTORNEY OF RECORD FOR PETITIONERS:

/ON Behalf of Julia McInerny

JULIA MCINERNY, ESQ.
MCTLAW
1310 G Street NW, Suite 610
Washington, DC 20005
Tel: (888) 952-5242
Email: jmcinerny@mctlaw.com

AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

George R. Grimes -S16 Digitally signed by George R. Grimes -S16 Date: 2026.07.16 12:51:25 -04'00'

CAPT GEORGE REED GRIMES, MD, MPH
Director, Division of Injury Compensation Programs
Health Systems Bureau
Health Resources and Services Administration
U.S. Department of Health and Human Services
5600 Fishers Lane, 14W-18
Rockville, MD 20857

ATTORNEY OF RECORD FOR RESPONDENT:

TYLER KING
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Phone: (202) 353-7751
Email: dorian.hurley@usdoj.gov

Dated: August 10, 2026